[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13733
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00297-WS-M-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN VINCENT HYLAND, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 2, 2012)


Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

In 1993, John Hyland, Jr. was convicted in a Michigan state court of first degree criminal sexual assault and required under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, to register as a sex offender. On April 1, 2011, a Southern District of Alabama jury found John Hyland, Jr. guilty of failing to register as a sex offender under SORNA, in violation of 18 U.S.C. § 2250. On July 29, 2011, the district court sentenced Hyland to a prison term of 33 months and a life term of supervised release.

Hyland now appeals his conviction, raising one issue: whether the district court abused its discretion in allowing the prosecutor to question him on cross-examination regarding the details of his 1993 conviction.

Hyland's 1993 conviction was established at trial via stipulation during the Government's case in chief. The jury heard nothing about the facts underlying that conviction until Hyland took the stand in his own defense and referred to the conviction moments after the prosecutor began his cross-examination. The following exchange occurred:

Q: Good morning, Mr. Hyland.
A: How are you doing?
Q: You're a convicted criminal sex offender, aren't you?
A: Pardon me?
Q: You're a convicted criminal sex offender, aren't you?
A: I got crooked judges and crooked cops.
Q: You got crooked judges and crooked cops?

A: Michigan Supreme Court, 436, page 417, says where the hymen is intact, there is reasonable doubt that criminal sexual conduct occurred. That was 1986. My conviction was 1992. My attorney was a skunk. Alabama's registration is 1996, which means they don't have jurisdiction over me because I was arrested in 1992. You can't have ex post facto. The Feds, the United States constitution says there shall not be ex post facto legislation. You can't take the '96 rules and say we're going to put somebody in here from '95 or '92 like me. It doesn't hold. It's not jurisdictional.

Q: I see.

A: Thank you for letting me speak.

Q: Since you brought it up, you were convicted . . .

At this point, defense counsel objected and a side-bar was held. Counsel argued that Hyland remarks were insufficient to open the door to the prosecutor's line of questioning. The court overruled the objection and allowed the questioning to proceed. The prosecutor asked: "The fact of the matter is, the two victims in your case were your two daughters; isn't that correct?" To this, Hyland gave several responses, each having a similar gist. For example, "Drop dead. I never touched my daughters." Then, referring to the prosecutor, "Your Honor, I don't know how a man like that can . . . sleep at night." Or – speaking to the judge – "If I die today, it doesn't make any damn difference," and "I'll speak up when I can, and you can throw me out if you want." Hyland eventually admitted that his two daughters were the victims of the 1993 offense and that, following his conviction, the daughters were removed from his custody and placed in the care of an

Alabama relative.

We find no abuse of discretion in the district court's ruling. Hyland did open the door to the challenged examination. It was a risk he took when he launched an attack on the integrity of the Michigan conviction and thereby called into question the essential element of the SORNA offense, his duty to register

AFFIRMED.